# UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROSALYNE SWANSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT SERVICES, INC., a Washington corporation,<br><br>Defendant. | Case No.<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**JURY DEMAND** |

## NATURE OF THE ACTION

1. Plaintiff Rosalyne Swanson ("Swanson" or "Plaintiff") brings this suit on behalf of herself and the Class of similarly situated individuals to challenge Defendant National Credit Services, Inc.'s ("NCS" or "Defendant") harassing debt collection calling practices and to obtain damages and other redress for all persons injured by such unlawful conduct.

2. NCS is a debt collection company that claims to be a nationally-licensed debt collection agency. NCS claims to specialize in debt recovery for the U.S. Department of Education and higher education. NCS also conducts debt collection for other industries as well.

CLASS ACTION COMPLAINT -1

Matesky Law PLLC
1001 4th Avenue, Ste. 3200
Seattle, WA 98154
Ph: 206.701.0331

3. Unfortunately for individuals subjected to NCS's debt collection practices, NCS repeated violates the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). That is, NCS utilizes an automatic telephone dialing system ("ATDS") and/or prerecorded or artificial calls to relentlessly place calls to consumers to collect debt without first securing prior express consent.

4. In response to NCS's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring NCS to stop placing calls using an ATDS and/or prerecorded or artificial voice to place telephone calls absent any consent, an award of actual and statutory damages to the members of the Class, together with costs, pre- and post- judgment interest, and reasonable attorneys' fees.

## JURISDICTION

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. The Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), *et seq.* because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Class are aggregated. Further, none of the exceptions to CAFA apply.

6. This Court has personal jurisdiction over Defendant because: (1) Defendant is headquartered in this District, (2) Defendant is incorporated in this State, and (3) Defendant conducts a significant amount of business in this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, and because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## PARTIES

8. Plaintiff Rosalyne Swanson is a natural person and resident of South Bend, St. Joseph County, Indiana.

CLASS ACTION COMPLAINT -2

Matesky Law PLLC
1001 4th Avenue, Ste. 3200
Seattle, WA 98154
Ph: 206.701.0331

9. Defendant National Credit Services, Inc. is a corporation incorporated and existing under the laws of the state of Washington with its principal place of business located at 2525 220th St. SE, Suite 200, Bothell, Washington 98021.

**FACTUAL BACKGROUND**

10. Plaintiff is the primary and customary user of a cellular telephone number ending in 8951.

11. In or around December 2018, NCS began placing debt collection calls to Plaintiff's cellular telephone from the telephone number 678-607-7299. Specifically, the calls were attempting to collect on Plaintiff's outstanding student loan debt.

12. At no time did Plaintiff ever provide her cellphone number to NCS or provide NCS, or any of its agents, with prior express consent to place autodialed telephone calls to her.

13. The calls were placed using an automatic telephone dialing system ("ATDS").

14. Plaintiff Swanson heard a pause and a click when she answered the calls, which is indicative of ATDS.

15. NCS repeatedly placed autodialed calls to Plaintiff from the telephone number 678-607-7299 between once and seven times per day. Specifically, between January 31, 2019 and February 5, 2019, Plaintiff received the following calls from NCS:

    a. Plaintiff received at least six calls on January 31, 2019;

    b. Plaintiff received at least six calls on February 1, 2019;

    c. Plaintiff received at least one call on February 4, 2019; and

    d. Plaintiff received at least four calls on February 5, 2019.

16. Simply put, Plaintiff has never provided any form of prior express consent to Defendant, or to anyone acting on NCS's behalf, to place calls to her cellphone number and has no relationship with Defendant.

17. By making unsolicited calls as alleged herein, Defendant has caused Plaintiff and members of the Class actual harm, including: (a) the aggravation, nuisance, and invasions of

privacy that result from the placement of such calls, (b) wear and tear on their cellphones, (c) interference with the use of their phones, (d) consumption of battery life, (e) loss of value realized for monies consumers paid to their wireless carriers for the receipt of such calls, and (f) the diminished use, enjoyment, value, and utility of their telephone plans.

18. Furthermore, Defendant made the calls knowing they trespassed against and interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their phones, including the related data, software, and hardware components.

19. To redress these injuries, Plaintiff, on behalf of herself and the Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited telemarketing calls to cellular telephones.

20. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized calling activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action in accordance with Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and Class defined as follows:

> **No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant caused to be called; (3) on the person's cellphone; (4) using an ATDS and/or an artificial or pre-recorded voice; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call Plaintiff.

22. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, contractors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the

merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

23. Plaintiff anticipates the need to amend the class definition following a period of appropriate class-based discovery.

24. **Numerosity:** The exact numbers of members within the Class are unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant has placed calls to thousands of consumers who fall into the defined Class. The number of members of the Class and class membership can be identified through objective criteria, including Defendant's phone records.

25. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained the same legal injuries and damages arising out of Defendant's uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the class members.

26. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions, including class actions under the TCPA. Neither Plaintiff nor her counsel has any interest in conflict with or antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

27. **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) Whether Defendant's conduct violated the TCPA;

    (b) Whether Defendant had prior express consent to place the calls;

    (c) Whether the calls were made using an ATDS;

    (d) Whether Defendant systematically made telephone calls to consumers

after they explicitly asked not to be called by Defendant; and

(e) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

28. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

29. **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. It would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a certified class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

## CAUSE OF ACTION
**Violation of 47 U.S.C. § 227,** *et seq.*
**(On behalf of Plaintiff and the No Consent Class)**

30. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31. Defendant made or caused to be made calls to Plaintiff's and the other No Consent class members' cellular telephones.

CLASS ACTION COMPLAINT -6

Matesky Law PLLC
1001 4th Avenue, Ste. 3200
Seattle, WA 98154
Ph: 206.701.0331

32. The calls were made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant had functionality akin to a predictive dialer, dialed numbers from a list, dialled random numbers, dialled with minimal human intervention, and/or dialed numbers predictively from a database of non-randomized telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers. In short, Defendant used an ATDS under the TCPA.

33. Defendant violated the TCPA by making calls using an ATDS and/or an artificial or prerecorded voice to Plaintiff's and other class members' cell phones.

34. Neither Plaintiff nor any other consumer ever provided prior express consent under the TCPA to be called by or on behalf of EGV.

35. As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class suffered actual damages and, under section 47 U.S.C. § 227(b)(3), Plaintiff and each member of the Class are each entitled to receive up to $500 in damages for each violation of the TCPA.

36. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

37. Plaintiff and the class members are also entitled to incidental injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of Defendant's unlawful calls.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the

1      representative of the Class, and appointing her counsel as Class Counsel;

2      B.    An order declaring that Defendant's actions, as set out above, violate the TCPA;

3      C.    An injunction requiring Defendant to cease all telemarketing calls made using an ATDS and/or prerecorded or artificial voice to cellphones, without first obtaining prior express consent to call;

6      D.    An award of actual monetary loss from all TCPA violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the class members;

9      E.    An award of treble damages if willful or knowing TCPA violations are shown;

10      F.    An award of the maximum statutory damages to be paid into a common fund for the benefit of the Plaintiff and the class members;

12      G.    An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

14      H.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: September 12, 2019      **ROSALYNE SWANSON**, individually and on behalf of all others similarly situated,

By: /s/ Michael P. Matesky, II
         One of Plaintiff's Attorneys

Michael P. Matesky, II
Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331
Fax: 206.701.0332
Email: mike@mateskylaw.com;
        litigation@mateskylaw.com

Steven L. Woodrow*

CLASS ACTION COMPLAINT -8      Matesky Law PLLC
1001 4th Avenue, Ste. 3200
Seattle, WA 98154
Ph: 206.701.0331

swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice Application to be filed*

CLASS ACTION COMPLAINT -9

Matesky Law PLLC
1001 4th Avenue, Ste. 3200
Seattle, WA 98154
Ph: 206.701.0331