David J. Kaminski (Appearing Pro Hac Vice)   Honorable Robert S. Lasnik
kaminskid@cmtlaw.com
CARLSON & MESSER LLP
5901 W. Century Boulevard, Suite #1200
Los Angeles, CA 90045
Tel: (310) 242-2200

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROSALYNE SWANSON, individually and on behalf of all others individually situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT SERVICES, INC., a Washington corporation,<br><br>Defendant. | Case No. 2:19-cv-01504-RSL<br><br>**ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER

COMES NOW Defendant NATIONAL CREDIT SERVICES, INC. ("Defendant") by and through its counsel of record, and hereby answers the Complaint of Plaintiff ROSALYNE SWANSON ("Plaintiff") by admitting, denying and alleging as follows:

## NATURE OF THE ACTION

1. Answering Paragraph 1 of the Complaint, Defendant admits Plaintiff claims to bring this suit on behalf of herself and the Class of similarly situated individuals to challenge Defendant's alleged harassing debt collection calling practices and to obtain damages and other redress for all persons injured by such unlawful conduct. Defendant denies that it violated the law.

{00124137;1}
ANSWER TO COMPLAINT - 1
Case No. 2:19-cv-01504-RSL

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
Tel: (310) 242-2200
kaminskid@cmtlaw.com

2. Answering Paragraph 2 of the Complaint, Defendant admits each and every allegation.

3. Answering Paragraph 3 of the Complaint, Defendant denies each and every allegation.

4. Answering Paragraph 4 of the Complaint, conduct, Defendant admits that Plaintiff claims she files the instant lawsuit in response to NCS's alleged unlawful conduct and seeks an injunction requiring NCS to stop placing calls using an ATDS and/or prerecorded or artificial voice to place telephone calls absent any consent, an award of actual and statutory damages to the members of the Class, together with costs, pre- and post- judgment interest, and reasonable attorneys' fees. Defendant denies that it engaged in any alleged unlawful conduct.

## JURISDICTION

5. Answering Paragraph 5 of the Complaint, Defendant denies that there is jurisdiction under CAFA. Defendant lacks sufficient information to either admit or deny the remainder of the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, Defendant asserts this paragraph states a legal conclusion.

7. Answering Paragraph 7 of the Complaint, Defendant asserts this paragraph states a legal conclusion.

## PARTIES

8. Answering Paragraph 8 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein.

9. Answering Paragraph 9 of the Complaint, Defendant admits each and every allegation.

## FACTUAL BACKGROUND

10. Answering Paragraph 10 of the Complaint, Defendant lacks sufficient information to either admit or deny the remainder of the allegations contained therein.

{00124137;1}
ANSWER TO COMPLAINT - 2
Case No. 2:19-cv-01504-RSL

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
Tel: (310) 242-2200
kaminskid@cmtlaw.com

11.	Answering Paragraph 11 of the Complaint, Defendant admits it called xxx-xxx-8951 in an attempt to collect on Plaintiff's outstanding student loan debt.  Defendant lacks sufficient information to either admit or deny the remainder of the allegations contained therein.

12.	Answering Paragraph 12 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein.

13.	Answering Paragraph 13 of the Complaint, Defendant denies each and every allegation.

14.	Answering Paragraph 14 of the Complaint, Defendant denies it used an ATDS. Defendant lacks sufficient information to either admit or deny the remainder of the allegations contained therein.

15.	Answering Paragraph 15 of the Complaint, and subparagraphs a-d, Defendant denies it autodialed Plaintiff.  Defendant lacks sufficient information to either admit or deny the remainder of the allegations contained therein.

16.	Answering Paragraph 16 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein.

17.	Answering Paragraph 17 of the Complaint, Defendant denies each and every allegation.

18.	Answering Paragraph 18 of the Complaint, Defendant denies each and every allegation.

19.	Answering Paragraph 19 of the Complaint, Defendant denies each and every allegation.

20.	Answering Paragraph 20 of the Complaint, Defendant admits that Plaintiff claims that, on behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized calling activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.  Defendant denies that Plaintiff has a valid class or that it violated the law.

///

///

{00124137;1}
ANSWER TO COMPLAINT - 3
Case No. 2:19-cv-01504-RSL

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
Tel: (310) 242-2200
kaminskid@cmtlaw.com

## CLASS ALLEGATIONS

21. Answering Paragraph 21 of the Complaint, Defendant denies that Plaintiff has a valid class.

22. Answering Paragraph 22 of the Complaint, Defendant admits that Plaintiff claims that the following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, contractors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Defendant denies that Plaintiff has a valid class.

23. Answering Paragraph 23 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein.

24. Answering Paragraph 24 of the Complaint, Defendant denies each and every allegation.

25. Answering Paragraph 25 of the Complaint, Defendant denies each and every allegation.

26. Answering Paragraph 26 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, Defendant denies each and every allegation.

28. Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation.

29. Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation.

///

///

{00124137;1}
ANSWER TO COMPLAINT - 4
Case No. 2:19-cv-01504-RSL

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
Tel: (310) 242-2200
kaminskid@cmtlaw.com

# CAUSE OF ACTION

30. Answering Paragraph 30 of the Complaint, Defendant incorporates Paragraph 1-29 of the Complaint.

31. Answering Paragraph 31 of the Complaint, Defendant denies each and every allegation

32. Answering Paragraph 32 of the Complaint, Defendant denies each and every allegation.

33. Answering Paragraph 33 of the Complaint, Defendant denies each and every allegation.

34. Answering Paragraph 34 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein.

35. Answering 35 of the Complaint, Defendant denies each and every allegation.

36. Answering Paragraph 36 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained therein.

37. Answering Paragraph 37 of the Complaint, Defendant denies each and every allegation.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

///

///

{00124137;1}
ANSWER TO COMPLAINT - 5
Case No. 2:19-cv-01504-RSL

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
Tel: (310) 242-2200
kaminskid@cmtlaw.com

### THIRD AFFIRMATIVE DEFENSE

(No Standing)

3. As a separate defense, Defendant asserts that Plaintiff's claims and/or that of her putative class are barred for lack of standing.

### FOURTH AFFIRMATIVE DEFENSE

(Equitable Defenses)

4. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by doctrines of estoppel, waiver, unclean hands, and other equitable doctrines.

### FIFTH AFFIRMATIVE DEFENSE

(No Intentional or Reckless Conduct)

5. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

6. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

(Exception for student loan collection calls)

7. As a separate, affirmative defense, Defendant asserts that the calls to Plaintiff or her putative class were pursuant to an exception for calls "made solely to collect a debt owed to or guaranteed by the United States." Defendant asserts any subsequent invalidation of the exemption does not have retroactive effect.

///

///

{00124137;1}
ANSWER TO COMPLAINT - 6
Case No. 2:19-cv-01504-RSL

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
Tel: (310) 242-2200
kaminskid@cmtlaw.com

## EIGHTH AFFIRMATIVE DEFENSE

(Prior Express Consent)

8. As a separate, affirmative defense, Defendant asserts that it had prior express consent to call the numbers at issue.

## NINTH AFFIRMATIVE DEFENSE

(Substantial Compliance)

9. As a separate, affirmative defense, Defendant asserts it substantially complied with the requirements of the statutes at issue.

## TENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

10. As a separate, affirmative defense, Defendant asserts that Plaintiff or her putative class assumed the risk of the calls made by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

(Reasonableness and Good Faith)

11. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that they acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendant. Accordingly, Plaintiff or her putative class are barred from any recovery in this action.

## TWELFTH AFFIRMATIVE DEFENSE

(No Class Action)

12. As a separate affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because class members are not identifiable and because this case is not appropriate for class treatment, including, but not limited to, lack of typicality, predominance of individualized issues, and superiority.

{00124137;1}
ANSWER TO COMPLAINT - 7
Case No. 2:19-cv-01504-RSL

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
Tel: (310) 242-2200
kaminskid@cmtlaw.com

THIRTEENTH AFFIRMATIVE DEFENSE

(Arbitration)

13. As a separate affirmative defense, Defendant reserves the right to compel arbitration.

FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Subject-Matter Jurisdiction)

14. As a separate affirmative defense, Defendant asserts this Court lacks subject matter jurisdiction over the issues raised by Plaintiff's Complaint.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant denies every request in Plaintiff's prayer, and prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

**JURY TRIAL DEMAND**

Defendant demands a trial by jury.

Dated: October 15, 2019

s/David J. Kaminski
David J. Kaminski, *pro hac vice*
kaminskid@cmtlaw.com
Stephen A. Watkins, *pro hac vice*
wadea@cmtlaw.com
CARLSON & MESSER LLP
5901 W. Century Blvd.
Suite 1200
Los Angeles, CA 90045
(310) 242- 2200

Attorneys for Defendant,
NATIONAL CREDIT SERVICES, INC.

{00124137;1}
ANSWER TO COMPLAINT - 8
Case No. 2:19-cv-01504-RSL

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
Tel: (310) 242-2200
kaminskid@cmtlaw.com

## **CERTIFICATE OF SERVICE**

I, David J. Kaminski, hereby certify that on this 15th day of October, 2019, a true and accurate copy of the foregoing Answer to Complaint was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

    /s/David J. Kaminski
    David J. Kaminski
    CARLSON & MESSER LLP

{00124137;1}
ANSWER TO COMPLAINT - 9
Case No. 2:19-cv-01504-RSL

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
Tel: (310) 242-2200
kaminskid@cmtlaw.com