Michael P. Matesky, II
Matesky Law PLLC
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph: 206.701.0331
Fax: 206.701.0332
Email: mike@mateskylaw.com

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the alleged Class*

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROSALYNE SWANSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT SERVICES, INC., a Washington corporation,<br><br>Defendant. | Case No. 19-cv-1504-RSL<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26(f), and the Court's October 15, 2019 Order (Dkt. 13), Plaintiff Rosalyne Swanson and Defendant National Credit Services, Inc. ("NCS") provide the following joint status report.

**1.    Statement of the Case.**

Plaintiff Rosalyne Swanson has filed the instant alleged class action against Defendant NCS pursuant to the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that

Defendant's debt collection calling practices violate the TCPA. Defendant is a debt collection company which specializes in student loan debt recovery. As part of its business, Defendant places telephone calls to persons like Swanson in an attempt to recover on their student loans. Plaintiff alleges that such calls are made in violation of the TCPA because NCS places the calls using an automatic telephone dialing system without first securing prior express consent. NCS denies that any violation of the TCPA occurred and has filed its Answer and affirmative defenses.

**2.     Proposed Deadline for Joining Additional Parties.**

The parties agree that additional parties will be joined by January 22, 2020.

**3.     Consent to a Magistrate.**

No.

**4.     Discovery Plan.**

    **A.     Initial Disclosures.**

Plaintiff served her initial disclosures on November 5, 2019.  NCS served its initial disclosures on November 6, 2019.

    **B.     Subjects, Timing, and Phasing of Discovery.**

The parties anticipate discovery concerning the following topics: records of phone calls made by NCS to Plaintiff and members of the putative class; NCS's call lists; NCS's dialing technology; NCS's records of consent, if any; class certification; and any expert opinions proffered by either party.

The parties do not believe that discovery should be conducted in phases.

As to the timing of discovery, Plaintiff proposes the following tentative schedule:

| Event | Proposed Date |
| --- | --- |
| Fact Discovery Cutoff | May 15, 2020 |
| Initial Expert Reports Due | June 15, 2020 |
| Rebuttal Expert Reports Due | July 15, 2020 |

JOINT STATUS REPORT AND
DISCOVERY PLAN                                    - 2 -

Matesky Law PLLC
1001 4th Avenue, Ste. 3200
Seattle, WA 98154
Ph: 206.701.0331

| Expert Discovery Cutoff | August 17, 2020 |
|---|---|
| Deadline for Motion for Class Certification | September 18, 2020 |
| Deadline to Oppose Motion for Class Certification | October 16, 2020 |
| Deadline to Reply in Support of Motion for Class Certification | October 30, 2020 |

The parties propose that a subsequent case management conference be held following a decision on class certification to establish deadlines for the remainder of the case, including dispositive motion deadlines, pre-trial, and trial.

Plaintiff's proposed deadlines for briefing class certification are beyond the period set forth in LCR 23(i)(3), however good cause exists for an extension. Plaintiff's proposed schedule will ensure that a motion for class certification is filed on a fulsome record after an adequate period of class and expert discovery. "The class action determination can only be decided after the district court undertakes a "rigorous analysis" of the prerequisites for certification." *ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018) (quotations omitted); *See also* Federal Judicial Center, *Manual for Complex Litigation, Fourth* § 21.133 ("Some local rules specify a short period within which the plaintiff must file a motion to certify a class action. Such rules, however, may be inconsistent with Rule 23(c)(1)(A)'s emphasis on the parties' obligation to present the court with sufficient information to support an informed decision on certification. Parties need sufficient time to develop an adequate record.").

NCS asserts that compiling records of consent and calls over a four-year TCPA class period is time consuming and may require expert analysis.  Thus extending the class certification deadline beyond the period set forth in LCR 23(i)(3) (March 17, 2020) is necessary.

**C.      Electronically Stored Information (ESI).**

The parties have reported that they are taking reasonable steps to preserve potentially relevant ESI in their possession. The parties have agreed to negotiate in good faith to prepare a

JOINT STATUS REPORT AND
DISCOVERY PLAN
- 3 -

Matesky Law PLLC
1001 4th Avenue, Ste. 3200
Seattle, WA 98154
Ph: 206.701.0331

mutually acceptable ESI agreement based on the Court's Model Agreement Regarding Discovery of Electronically Stored Information, which the parties will subsequently file with the Court.

**D.     Privilege Issues.**

The parties have agreed to negotiate in good faith to prepare a mutually acceptable protective order that contains provisions dealing with the production of privileged materials in discovery, which the parties will subsequently file with the Court.

**E.     Limitations on Discovery.**

The parties do not anticipate the need for any changes or limitations on discovery at this time, but reserve the right to seek such limitations in the future should the need arise.

**F.     Other Discovery Orders.**

The parties anticipate the need for an order approving the parties' ESI agreement and a protective order to govern the production of privileged materials and the use of information in discovery designated as "confidential," both of which the parties will subsequently file with the Court.

**5.     Responses to Local Rule 26(f)(1).**

**A.     Potential for Early Resolution.**

Settlement appears unlikely at this time.

**B.     Alternative Dispute Resolution.**

At this time, the parties have not agreed to participate in the alternative dispute resolution program. The parties have agreed to reconsider participating in the alternative dispute resolution program as the case proceeds.

**C.     Related Cases.**

The Parties are not aware of any related cases.

**D.     Discovery Management.**

The parties do not anticipate the need for any changes or limitations on discovery at this

JOINT STATUS REPORT AND
DISCOVERY PLAN                                    - 4 -

Matesky Law PLLC
1001 4th Avenue, Ste. 3200
Seattle, WA 98154
Ph: 206.701.0331

time, but reserve the right to seek such limitations in the future.

The parties will meet and confer regarding all discovery disputes as required by Local Rule 37, and—if the parties cannot resolve the dispute—agree to mutually decide whether to submit the dispute to the Court by motion under Local Rule 7(d) or through the expedited joint motion procedure contemplated by Local Rule 37(a)(2).

Third-party discovery will likely be limited, but the parties agree to share information obtained through third-party discovery, and will revisit the need for a cost-sharing agreement with respect to third-party discovery should the need arise.

The parties agree to revisit the need for discovery conferences, case management conferences, or settlement conferences should the need arise.

**E.      Anticipated Discovery.**

See above.

**F.      Phasing Motions.**

See above.

**G.      Preservation of Discoverable Information.**

The parties have reported that they are taking reasonable steps to preserve and collect potentially relevant information, evidence, and documents in their possession, including ESI.

**H.      Privilege Issues.**

See above.

**I.      Model Protocol for Discovery of ESI.**

The parties anticipate that this case will involve the production of ESI, and have agreed to negotiate in good faith to prepare a mutually acceptable ESI agreement based on the Court's Model Agreement Regarding Discovery of Electronically Stored Information, which the parties will subsequently file with the Court.

**J.      Alternatives to the Model Protocol for Discovery of ESI.**

See above.

JOINT STATUS REPORT AND
DISCOVERY PLAN                        - 5 -

Matesky Law PLLC
1001 4th Avenue, Ste. 3200
Seattle, WA 98154
Ph: 206.701.0331

**6.      Discovery Deadlines.**

See above.

**7.      Bifurcation.**

The parties agree that neither discovery nor trial in this case should be bifurcated.

**8.      Pretrial Statements and Pretrial Order.**

At this time, the parties have not agreed to dispense with the pretrial statements and pretrial order contemplated by Local Rules 16(e), (h), (i), and (k), and 16.1.  The parties agree to revisit this issue at a later date.

**9.      ADR Options.**

At this time, the parties have not agreed to participate in the alternative dispute resolution program.

**10.      Suggestions for Shortening or Simplifying the Case.**

At this time, the parties do not have any further suggestions for shortening or simplifying this case.

**11.      Trial Date.**

The parties propose that a trial date be set at a subsequent scheduling conference

**12.      Jury or Non-Jury Trial.**

Plaintiff has made a jury demand.

**13.      Number of Trial Days.**

The parties believe that a trial will require approximately five days to complete.

**14.      Contact Information for Counsel.**

The names, addresses, and telephone numbers of all trial counsel for Plaintiff are listed below as undersigned counsel.   David J. Kaminski and Stephen A. Watkins are trial counsel for NCS.

**15.      Scheduling Conflicts for Trial.**

At this time, counsel is not aware of any conflicts that would interfere with scheduling a

JOINT STATUS REPORT AND
DISCOVERY PLAN
- 6 -
Matesky Law PLLC
1001 4th Avenue, Ste. 3200
Seattle, WA 98154
Ph: 206.701.0331

1   trial date in this matter.

2   **16.    Service.**

3        Plaintiff has completed service on Defendant.

4   **17.    Scheduling Conference.**

5   The parties wish to hold a scheduling conference before the Court enters a scheduling order in this

6   case.

7   **18.    Disclosure Statements.**

8        Defendant has filed its disclosure statement

9

10

11  DATED this 12th day of November, 2019.

12

13                                              Respectfully submitted,

14                                              /s/ Patrick H. Peluso

15

16                                              **Woodrow & Peluso, LLC**

17                                              Steven L. Woodrow
                                                Patrick H. Peluso
18                                              3900 E. Mexico Avenue, Suite 300
                                                Denver, CO 80210
19                                              Tel: (720) 213-0675
                                                Fax: (303) 927-0809
20                                              swoodrow@woodrowpeluso.com
                                                ppeluso@woodrowpeluso.com
21

22                                              *Attorneys for Plaintiff*

23                                              /s/ David J. Kaminski

24

25

26                                              **Carlson & Messer LLP**

27  JOINT STATUS REPORT AND                                      Matesky Law PLLC
    DISCOVERY PLAN                      - 7 -                    1001 4th Avenue, Ste. 3200
28                                                               Seattle, WA 98154
                                                                 Ph: 206.701.0331

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David J. Kaminski
Stephen A. Watkins
*(pro hac vice)*
5901 W. Century Blvd. #1200
Los Angeles, CA 90045
Tel: (310) 242-2200
Fax: (310) 242-2222
kaminskid@cmtlaw.com
watkinss@cmtlaw.com

/s/ Michael S. O'Meara

**The O'Meara Law Office PS**

Michael Shannon O'Meara
1602 Virginia Avenue
Everett, WA 98201-1704
Tel:  425-263-1732
Email: michael@omearalawoffice.com

***Attorneys for Defendant***

JOINT STATUS REPORT AND
DISCOVERY PLAN

- 8 -

Matesky Law PLLC
1001 4th Avenue, Ste. 3200
Seattle, WA 98154
Ph: 206.701.0331

1

**CERTIFICATE OF SERVICE**

2          The undersigned hereby certifies that a true and correct copy of the above titled document

3   was served upon counsel of record by filing such papers via the Court's ECF system on

4   November 12, 2019.

5                                                  /s/ Patrick H. Peluso

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   JOINT STATUS REPORT AND
     DISCOVERY PLAN                          - 9 -

28

Matesky Law PLLC
1001 4th Avenue, Ste. 3200
Seattle, WA 98154
Ph: 206.701.0331