David J. Kaminski, Esq. (CA SBN 128509)
*Admitted Pro Hac Vice*
kaminskid@cmtlaw.com
Stephen A. Watkins, Esq. (CA SBN 304022)
*Admitted Pro Hac Vice*
**CARLSON & MESSER, LLP**
5901 West Century Boulevard, Suite #1200
Los Angeles, CA 90045
Tel: (310) 242-2200
Fax: (310) 242-2222

Attorneys for Defendant,
NATIONAL CREDIT SERVICES, INC.

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROSALYNE SWANSON, individually and on behalf of all others similarly situated | ) CASE NO. 2:19-cv-01504-RSL ) ) |
| Plaintiff, | ) **MOTION TO STAY** ) |
| vs. | ) ) |
| NATIONAL CREDIT SERVICES, INC, | ) NOTE ON MOTION CALENDAR: ) FRIDAY, MARCH 27, 2020 |
| Defendant. | ) ) ) ) |

### I.   RELIEF REQUESTED

Defendant brings this Motion to respectfully request that this Court stay this action until the United States Supreme Court's decision in *William P. Barr, et al v. Am. Ass'n of Political Consultants, Inc.*, et al., Case No. 18-1588, which may dispose of this case in its entirety.

### II.   FACTS

Plaintiff filed her Complaint on September 19, 2019 for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").  Plaintiff's Complaint alleges "The calls were made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and

{00131376;1}

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com

to dial such numbers, en masse, without human intervention." (Complaint ¶ 32).  She also alleges these calls were made without prior express consent.  The calls at issue were an attempt to collect a federal student loan.  (Plaintiff's Response to Interrogatory No. 1, pg. 2, Ex. 1 to Declaration of Stephen A. Watkins.)

On October 15, 2019, Defendant answered the Complaint.  (ECF 14)  Defendant's Answer asserted that the calls to Plaintiff or her putative class were pursuant to an exception for calls "made solely to collect a debt owed to or guaranteed by the United States."  (ECF 14 at 6)  Defendant also denied using an automatic telephone dialing system ("ATDS")  (ECF 14 at pg. 3, ¶ 14.)

On November 12, 2019, the parties filed their joint report.  (ECF 16)  The Court's November 12, 2019 Order set the following dates:

> Joinder of Parties due by 12/10/2019
> Motion for class certification due 9/10/2020
> Amended Pleadings due by 10/10/2020
> Expert Witness Disclosure/Reports under FRCP 26(a)(2) due by 12/9/2020
> Attorney settlement conference to be held by 1/22/2021
> Discovery completed by 2/7/2021
> Dispositive motions due by 3/9/2021
> Motions in Limine due by 4/18/2021
> Pretrial Order due by 5/6/2021
> Trial briefs to be submitted by 6/2/2021
> Proposed voir dire/jury instructions and trial exhibits due by 6/2/2021
> Jury Trial -  6/7/2021

(ECF 17)

On January 10, 2020, the United States Supreme Court granted a writ of certiorari to the United States Court of Appeals for the Fourth Circuit's decision in *American Association of Political Consultants, Inc. v. FCC*, 923 F.3d 159 (4th Cir. 2019).  *Barr v. Am. Ass'n of Political Consultants, Inc.*, No. 19-631, 2020 WL 113070, at *1 (U.S. Jan. 10, 2020).  The decision may moot this action because the Supreme Court is reviewing whether the statute on which Plaintiff relies – the Telephone Consumer Protection Act ("TCPA") – is constitutional.

The question that the Supreme Court will address is as follows:

Whether the government-debt exception to the TCPA's automated call

{00131376;1}

MOTION TO STAY - 2

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com

restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute.

Ex. 1 to RJN at page (I).

Whether nor not the government-debt exception is at the core of this action. This question will be considered by the Justices this term (October 2019 term), which means that a decision is expected in the summer of 2020. As shown below, a stay is in the interest of the parties and the Court.

## IV. EVIDENCE RELIED UPON

    1.    Request for Judicial Notice;

    2.    Declaration of Stephen A. Watkins; and

    3.    The complete files and pleadings before this Court.

## V. AUTHORITY

"[T]he power [of a district court] to stay proceedings is incidental to the power inherent in every court to control . . . its docket." *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936). To evaluate stay requests, courts weigh the competing interests that may be affected by granting or refusing a stay. *Lockyer v. Mirant Cop.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962). In considering a motion to stay, a court must consider three factors: (1) judicial economy; (2) potential prejudice to the non-moving party, and (3) hardship and inequity to the moving party if the action is not stayed. *See CMAX, Inc.*, 300 F.2d at 268.

This Court has seen fit to stay matters when a pending U.S. Supreme Court decision will affect the case. *See Kwan v. Clearwire Corp.*, No. C09-1392JLR, 2011 WL 1213176, at *3 (W.D. Wash. Mar. 29, 2011) (granting stay due to pending Supreme Court decision in *Concepcion*); *Fisher v. Haynes,* No. C15-5747 BHS-JRC, 2016 WL 5724318, at *1 (W.D. Wash. July 18, 2016), *report and recommendation adopted*, No. C15-5747BHS, 2016 WL 5719398 (W.D. Wash. Sept. 30, 2016)(noting "at the time, the Supreme Court case *Montgomery v. Louisiana*, 135 S. Ct. 1546 (2015) was pending so this Court stayed the matter until June 30, 2016.")

{00131376;1}

MOTION TO STAY - 3

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com

Courts have recently granted stays in TCPA class actions pursuant to *Barr*. *See Seefeldt v. Entm't Consulting Int'l, LLC*, No. 4:19-CV-00188, 2020 WL 905844, at *1 (E.D. Mo. Feb. 25, 2020) (granting motion to stay pursuant to *Barr*); *Crowther v. National Credit Services*, No. 4:19-cv-00623 (E.D. Tex. Jan. 23, 2020) (granting unopposed motion to stay pursuant to *Barr*) (attached as Ex. 3 to RJN).

In line with these aforementioned cases, all three factors favor a stay in this case.

**B.      The Pending Ruling in *Barr* Will Narrow the Factual and Legal Issues and Favor Judicial Economy**

**1.      The pending ruling in *Barr* may resolve the government-debt exception**

The pending ruling in *Barr* could prove dispositive of this litigation, as Plaintiff's claims arise from calls subject to the TCPA's government debt exception.  As held in by the Court in *Crowther* when in granted Defendant's Motion to Stay:

> ***As noted in the Motion, the United States Supreme Court granted a writ of certiorari in a case which will affect the proceedings in this case***, namely, the decision will address whether the government-debt exception to the Telephone Consumer Protection Act's (the "TCPA") automated-call restriction violates the First Amendment and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute.  (William P. Barr, et al v. Am. Ass'n of Political Consultants, Inc., et al., Case No. 18-1588).

Order Granting Stay, *Crowther v. National Credit Services*, No. 4:19-cv-00623 (E.D. Tex. Jan. 23, 2020), at pg. 1, Ex. 3 to Watkins Decl. (emphasis added).

This Court saw fit to stay an action pending a potentially dispositive decision by the U.S. Supreme Court in  *Kwan*.  2011 WL 1213176 at *3.  The Court in *Kwan* granted a stay in part on the grounds that the Supreme Court's decision in *Concepcion* would simplify the present issue in that case, namely, whether the arbitration clause in the defendant's agreement was valid and enforceable. *Id.*

Here, it is undisputed that Defendant called the Plaintiff seeking to collect upon her federal student loan.  (Ex. 1 to Watkins Decl. at pg. 2.)  Plaintiff alleges these calls were made via automated equipment.  (Complaint ¶ 13)  These claims directly implicate claims at issue in *Barr*,

{00131376;1}

MOTION TO STAY - 4

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com

1    and *Barr* may settle the law as to whether there is TCPA liability for such calls.  Given that the

2    Supreme Court may simplify the legal issues in this case, this favors a stay to promote judicial

3    economy.

4              **2.**        **The U.S. Supreme Court may address the ATDS definition**

5              The Court in *Seefeldt* granted a stay in part due to the Circuit split as to the definition of an

6    ATDS.  It recognized the Ninth Circuit's ATDS definition "now sits in a clear appellate minority

7    as against the greater weight of the Third, Seventh, and Eleventh Circuits".  2020 WL 905844, at

8    *3. That Court also noted that the Supreme Court had not revealed whether it would take up review

9    of the ATDS definitional problem.  *Id*. (citing *Facebook, Inc. v. Duguid*, Appeal No. 19-511 (case

10   involving issue of the proper definition of an autodialer that was distributed for conference on

11   January 24, 2020, but is without decision whether to grant certiorari).

12             Notwithstanding the foregoing, the Court in *Seefeldt* held that the uncertainty surrounding

13   the ATDS definition only added to the need for a stay:

14                "***But, without a doubt, [the ATDS definitional problem]  creates that much
15             more uncertainty about the TCPA at large and, specifically, the viability of
               plaintiff's claims***. Of course, what the Supreme Court has accepted review of—
16             particularly, whether the government-debt exception is severable from the TCPA
               if deemed unconstitutional—risks a potential collapse of the TCPA without
17             regard to the definitional problem. It seems likely that decision, at minimum, will
               come this term (oral argument has been set for April 22, 2020), ***which may or
18             may not be a reason why the decision on certiorari in Duguid remains
               pending***."

19

20   *Id.* (emphasis added).

21             Plaintiff's Complaint alleges "The calls were made using equipment that had the capacity

22   to store or produce telephone numbers using a random or sequential number generator, to receive

23   and store lists of phone numbers, and to dial such numbers, en masse, without human intervention."

24   (Complaint ¶ 32).  Her Complaint directly implicates the ATDS definition.  Resolution of this

25   issue also will promote judicial economy.  *See Seefeldt*, 2020 WL 905844, at *3.  ("Whatever the

26   case, having studied the matter carefully, it seems the best approach is to wait for much-needed

27

28   {00131376;1}

MOTION TO STAY - 5

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com

1   clarity from the Supreme Court—at least as to the government-debt exception problem, but also
2   potentially the [ATDS] definitional problem.")  This factor favors a stay.

3        The alternative—continuing litigation and discovery when the Supreme Court will shortly
4   decide key issues in the case will only be wasteful and inefficient, as shown below.

5        **C.     The Balance of Hardships Favor Defendant**

6        The balance of hardships favors Defendant and therefore a stay should issue.  Plaintiff's
7   class action presents burdensome discovery with respect to records of calls to the class and
8   evidence of prior express consent.  The Court in *Kwan* noted that "rendering a decision at odds
9   with the Supreme Court's ultimate ruling in *Concepcion* would risk imposing hardship or inequity
10  upon Defendants" in the form of burdensome class discovery.  2011 WL 1213176, at *3.  "The
11  burdens associated with discovery in a putative class action are substantially greater than in an
12  individual arbitration."  *Id.* (citing *Kaltwasser v. Cingular Wireless LLC*, 2010 WL 2557379, at *2
13  (N.D.Cal. June 21, 2010) ("[T]he nature and extent of discovery in private arbitration is
14  fundamentally different from that allowed in class-action litigation."); *Del Rio v. Creditanswer,*
15  *LLC*, 2010 WL 3418430, at *4 (S.D.Cal. Aug.26, 2010) ("The difference in litigation between a
16  two-party case and a class action is substantial.")).

17       The Court in *Seefeldt* also recognized the burden of class discovery when it granted a stay
18  pursuant to *Barr* in part to "avoid exhausting judicial resources to decide things like defendants'
19  multifaceted motion to dismiss, plaintiff's pending motion for class certification, and any possible
20  discovery-related matters or summary judgment motions to follow which may prove fruitless."
21  2020 WL 905844, at *3.  *See also Alvarez v. TMobile USA, Inc.*, No. CIV. 2:10-2373 WBS, 2010
22  WL 5092971, at *2 (E.D. Cal. Dec 7, 2010) (granting a stay pending a Supreme Court decision in
23  part because "[i]t would be burdensome for both parties to spend time, energy, and resources on
24  pretrial and discovery issues only to find those issues moot within less than a year.").

25       TCPA damages range from $500 per call for a negligent violation to $1,500 for a willful
26  violation.  The pending decision in *Barr* may eviscerate potentially significant TCPA class action
27  liability exposure.  Moreover,  a stay works for the benefit "of both parties, as well as this Court."
28  *Seefeldt*, 2020 WL 905844, at *3.

{00131376:1}

MOTION TO STAY - 6

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com

The only hardships presented by Plaintiff's TCPA action are those to be borne by Defendant.  This factor favors Defendant.

### D.      There is no prejudice to Plaintiff

Plaintiff cannot demonstrate any prejudice from a stay.  Delay alone does not establish prejudice.  *Doerken v. USAA Sav. Bank*, No. CV 16-08824-RSWL-MRW, 2017 WL 1534186, at *2 (C.D. Cal. Apr. 26, 2017).  The Court in *Kwan* held that the fact the U.S. Supreme Court was likely to decide *Concepcion* within the next few months demonstrated lack of prejudice.  2011 WL 1213176, at *3.  *See also Bowden v. Contract Callers, Inc.,* No. 16-CV-06171-MMC, 2017 WL 1732017, at *3 (N.D. Cal. Apr. 5, 2017) (rejecting argument that evidence would become stale or witnesses' memories would fade due to brevity of stay).

*Barr* will be considered by the Justices this term (October 2019 term), which means that  a decision is expected in the summer of 2020.  The brevity of a stay favors Defendant.

Moreover, this is a relatively young case, which also argues against a finding of prejudice to Plaintiff.  *Seefeldt*, 2020 WL 905844, at *3.

Although Plaintiff seeks monetary damages, it is well established that the mere delay in Plaintiff's recovering monetary damages does not justify denying a stay of proceedings.  *See Cmax, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962).  Further, although Plaintiff has also requested injunctive relief (Complaint ¶ 37), the last telephone message Plaintiff claims he received was in February of 2019.  (Complaint ¶ 15); *see also Reynolds v. Geico Corp*., No. 2:16-CV-01940-SU, 2017 WL 815238, at *1 (D. Or. Mar. 1, 2017), at *4 ("[A]lthough plaintiff has requested injunctive relief as well, the last text message plaintiff received was in August 2016, . . . and nothing suggests that plaintiff is in jeopardy of receiving additional text messages.").

As Plaintiff cannot demonstrate prejudice, this factor favors a stay.

## III.    CONCLUSION

Continuing to litigate to class certification issues that may be mooted shortly by a decision of the U.S. Supreme Court presents an undue burden.  This action should be stayed pending the decision in *Barr*.

{00131376;1}

MOTION TO STAY - 7

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com

1

2

DATED:  March 4, 2020                         **CARLSON & MESSER, LLP.**

3

4                                                           By:      /s/ David J. Kaminski

David J. Kaminski

5                                                                    Stephen A. Watkins
Attorneys for Defendant

6                                                                    NATIONAL CREDIT SERVICES, INC.

7                                                           **THE O'MEARA LAW OFFICE PS**

8                                                                    s/ Michael S. O'Meara

9                                                                    Michael Shannon O'Meara
Attorneys for Defendant

10                                                                   NATIONAL CREDIT SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00131376;1}

MOTION TO STAY - 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Western District of Washington using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Patrick Peluso
WOODROW & PELUSO LLC
Email: ppeluso@woodrowpeluso.com
Steven L. Woodrow
Email: swoodrow@woodrowpeluso.com
*Attorneys for Plaintiff*

Michael P Matesky , II
MATESKY LAW PLLC
Email: litigation@mateskylaw.com
*Attorneys for Plaintiff*

Signed this 4th day of March 20, 2020 at Los Angeles, CA

/s/ David J. Kaminski
David J. Kaminski

{00131376;1}

MOTION TO STAY - 1

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com