1  David J. Kaminski, Esq. (CA SBN 128509)
   *Admitted Pro Hac Vice*
2  kaminskid@cmtlaw.com
   Stephen A. Watkins, Esq. (CA SBN 304022)
3  *Admitted Pro Hac Vice*
   **CARLSON & MESSER, LLP**
4  5901 West Century Boulevard, Suite #1200
   Los Angeles, CA 90045
5  Tel: (310) 242-2200
   Fax: (310) 242-2222
6
7  Attorneys for Defendant,
   NATIONAL CREDIT SERVICES, INC.
8

9                **UNITED STATES DISTRICT COURT**

10               **WESTERN DISTRICT OF WASHINGTON**

11  ROSALYNE SWANSON, individually and on      ) CASE NO. 2:19-cv-01504-RSL
    behalf of all others similarly situated      )
12                                               ) **DECLARATION OF NICK MYRBEN**
                                                 ) **IN OPPOSITION TO MOTION FOR**
13              Plaintiff,                        ) **CLASS CERTIFICATION**
                                                 )
14         vs.                                    )
                                                 )
15  NATIONAL CREDIT SERVICES, INC,               )
                                                 )
16              Defendant.                        )
                                                 )
17                                               )
                                                 )
18  _____     )

19

20

21

22         I, Nick Myrben, declare as follows:

23         1.      I am the Contract Administrator for National Credit Services, Inc. ("NCS"). I

24  have personal knowledge of the facts set forth below and I am competent to testify thereto.

25         2.      NCS is a small debt collection agency with only 11 employees.

26

27

28  {00165597;1}

    DECLARATION OF NICK MYRBEN IN OPPOSITION TO        CARLSON & MESSER LLP
                                                        5901 West Century Boulevard, Suite #1200
    MOTION FOR CLASS CERTIFICATION - 1                  Los Angeles, California 90045
                                                        (310) 242-2200
                                                        kaminskid@cmtlaw.com

3.      I have worked at NCS for 11 years   In this regard I am familiar with NCS debt collection practices, including calling policies and procedures and account management.

4.      As early as 2014, the Department of Education ("DOE") was one of NCS's largest clients, whereby the DOE would place unpaid federal student loans with NCS for collection

5.      The DOE accounted for approximately 98 percent of NCS' business, with the remainder consisting of consumer accounts.

6.      The DOE has terminated its contract with NCS.  The DOE terminated its contracts with outside collection agencies as a move to perform collection in-house.

7.      As part of its TCPA compliance policies, NCS did not make calls via artificial or prerecorded voice.

8.      Nor did NCS make calls using an automatic telephone dialing system.

9.      Instead, NCS used a third party dialing platform whereby the vendor asserted the system was TCPA compliant and did not store or produce numbers to be called using a random or sequential number generator.

10.     Moreover, it was and is NCS' procedure to obtain prior express consent during the first live communication with a borrower/consumer.

11.     This consent would be documented in NCS' collection system.

12.     NCS would call three sets of cell phone numbers.

13.     First, cell phone numbers provided upon initial placement by the DOE.  These cell phone numbers were typically provided by the borrowers in the promissory note reflecting the federal student loan.

14.     The DOE in fact had a procedure to confirm demographic information during phone calls.

15.     The DOE did not provide to NCS any skip-traced numbers

{00165597;1}

DECLARATION OF NICK MYRBEN IN OPPOSITION TO

MOTION FOR CLASS CERTIFICATION - 2

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com

16.     Second, NCS would obtain cell phone numbers obtained via third party vendors. In the regular course of business, NCS would employ third party vendor IDI to obtain additional demographic information for a borrower (address, phone numbers, etc.)

17.     Third, NCS would obtain cell phone numbers provided to the DOE after origination of the debt.  These cell phone numbers would be provided by third party DOE contractor Maximus who maintains a Debt Management Collection System ("DMCS") for the DOE that provides information regarding borrowers.

18.     Maximus would also operate the Default Resolution Group for the DOE.

19.     In the regular course of business, NCS would extract from DCMS supplemental borrower information obtained by the DOE, including updated phone number information.

20.     The initial DMCS update file for a borrower would typically be received by NCS a few days after placement with NCS.

21.     The DMCS file is a separate export.  It would not add the DMCS phone number to NCS' system if it already existed from IDI or from original placement.

22.     In the regular course of business, NCS would document its contacts with a consumer via its account notes.  These notes were made at or near the time by NCS agents or via automatic entries.  These account notes were kept in the course of NCS' regularly conducted debt collection activity.  A true and correct copy of the account notes for Plaintiff Rosalyn Swanson ("Plaintiff") is attached hereto as Exhibit 1.

23.     Plaintiff obtained a federal student loan from the DOE on or about October 27, 2008.  A true and correct copy of a Promissory Note relating to Plaintiff's loan is attached hereto as Exhibit 2.

24.     On or about January 26, 2019, the DOE placed Plaintiff's unpaid federal student loan for collection with NCS.

{00165597;1}

DECLARATION OF NICK MYRBEN IN OPPOSITION TO

MOTION FOR CLASS CERTIFICATION - 3

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com

25.     Upon placement, NCS had access to Maximus/DOE DMCS records, including records that reflected that the 8951 number had been provided to Maximus by Plaintiff on November 22, 2017.

26.     After NCS was served in this lawsuit, NCS obtained from Maximus a recording of a call between Plaintiff and the DOE dated November 22, 2017 pursuant to the DOE's file naming conventions.

27.     A true and correct copy of this December 20, 2019 e-mail correspondence from the DOE whereby the recording was attached hereto as Exhibit 3.

28.     During this call, Plaintiff provided the 8951 number to the DOE

29.     This recording was produced in this lawsuit as "Confidential sub to prot order NCS0048 11-22-17 Call 2.mp3."

30.     NCS relies upon documents provided by the DOE/Maximus in the regular course of its business and incorporates such records into its records.  These documents were made at or near the time by Maximus employees or via automatic entries.

31.     The recording reflects that Plaintiff called into DRG on November 22, 2017 and provided her 8951 phone number.

32.     A true and correct copy of the transcript of NCS0048 is attached hereto as Exhibit 4.

33.     That DOE had been provided the 8951 number on November 22, 2017 would have been something viewable by NCS in DMCS.

34.     After NCS was sued, it reviewed DMCS and confirmed that the 8951 had been provided to the DOE in November 2017.

35.     The Maximus representative that facilitated the inbound call from Plaintiff on November 22, 2017 would have updated it in DMCS "Historical Events" in addition to demographic field.

{00165597;1}

DECLARATION OF NICK MYRBEN IN OPPOSITION TO

MOTION FOR CLASS CERTIFICATION - 4

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com

36.     Plaintiff's 678-396-8951 number was not included in the datafile NCS received at that time.

37.     On January 26, 2019, NCS obtained the 8951 number for Plaintiff's account via third party vendor IDI.

38.     As set forth in the account notes, NCS made calls to the 8951 number via on 1/31/19, 2/1/19, 2/4/19, 2/14/19, 2/15/19, 2/20/19, 2/21/19, 3/27/19, 3/28/19, 5/16/19, 5/17/19, 6/18/19, 6/25/19, 6/26/19, 6/26/19, 6/27/19, 7/1/19, 7/9/19, 7/11/19, 7/15/19, 7/16/19, 7/22/19, 7/25/19.

39.     Although NCS would obtain cell phone numbers via a third party vendor, often the number obtained would be identical to the phone number previously provided to the creditor. This is what occurred with Plaintiff's account.

40.     After Plaintiff's account was placed with NCS, NCS received a DMCS file upload that contained the 8951 number.  Because the 8951 number had already been provided by IDI, the 8951 number was not uploaded as part of the DMCS update.

41.     Attached hereto as Exhibit 5 are account notes for sample of accounts whereby the cell phone number obtained via third party vendor IDI and called by NCS (using the same calling platform used to call Plaintiff) is identical to the cell phone number set forth in a DMCS file:

| Account Number | Number provided to ED | Number obtained via IDI |
|---|---|---|
| 2592457 | 3123162040 | 3123162040 |
| 2929983 | 3522315916 | 3522315916 |
| 1243048 | 7606584906 | 7606584906 |
| 1594321 | 3192122117 | 3192122117 |
| 2056587 | 6023999161 | 6023999161 |
| 2378812 | 5155280613 | 5155280613 |

{00165597;1}

DECLARATION OF NICK MYRBEN IN OPPOSITION TO

MOTION FOR CLASS CERTIFICATION - 5

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com

| 2535762 | 4358410305 | 4358410305 |
|---------|------------|------------|
| 2921604 | 3042680858 | 3042680858 |
| 3120264 | 8133651300 | 8133651300 |

42.    The cell phone numbers obtained via IDI can be determined from the account notes as they are associated with the IDI notation.

43.    These samples were obtained by comparing the numbers associated with IDI notations with a DMCS file export, Borrower_Phones 20210726.csv.   Per the naming convention, this file was extracted from DMCS on July 26, 2021.  A true and correct copy of excerpts from this file is attached hereto as Exhibit 6.

44.    Borrower_Phones 20210726.csv is an electronic file and the entire file can be produced upon request.

45.    Through a query, NCS compared the number of IDI phones in its system to the DMCS cell phone numbers  for total of  3,308 accounts whereby the IDI phone associated with a DMCS cell phone number from the file Borrower_Phones 20210726.csv.

46.    In other words, for one DMCS file, there were 3,308 accounts whereby an IDI cell phone number that was possibly called by NCS (using the same platform used to call Plaintiff) whereby the same cell phone number was also provided to the DOE.

47.    Because NCS no longer has access to DCMS, it cannot rerun the query that created Borrower_Phones 20210726.csv to add the date the phone numbers were provided to the DOE.  The same is true for any DCMS file extracts currently in NCS' system.

48.    Therefore, it would be an individual inquiry to determine if borrowers provided their cell phone number to the DOE prior to NCS's phone call to the cell phone number obtained via IDI.

49.    Borrower_Phones 20210726 is only one DMCS update file.  NCS has 45 DMCS update files dating back to 10/05/2020 with cell phone numbers.

{00165597;1}

DECLARATION OF NICK MYRBEN IN OPPOSITION TO

MOTION FOR CLASS CERTIFICATION - 6

CARLSON & MESSER LLP
5901 West Century Boulevard, Suite #1200
Los Angeles, California 90045
(310) 242-2200
kaminskid@cmtlaw.com

50.   It has been NCS' procedure to obtain prior express consent for a cell phone number via a script during the first live conversation with a borrower.

51.   For at least two years during the class period, notations regarding obtaining prior express consent were written freeform in the account notes before NCS moved to notating such consent electronically in its account system.

52.   This consent would be notated as a "radio" button on the Debtor Account Summary Page beginning on 08/06/2020.

53.   NCS queried its system and located  6793 accounts total marked permission via the radio button.  Out of those were 269 accounts where the cell phone number was associated with IDI.

54.   NCS cannot determine for which of its accounts it obtained consent during the first live call for the period prior to 8/6/20 without individualized review of its account notes ("Debtor Account Summary")

55.   NCS cannot determine it the date it obtained consent during the first live call for the period prior to 8/6/20 without individualized review of its account notes .


I declare under penalty of perjury that the foregoing is true and correct. Executed at Bothell, WA on this 31st day of January, 2022.

Nick Myrben

DECLARATION OF NICK MYRBEN IN OPPOSITION TO

MOTION FOR CLASS CERTIFICATION - 7

CARLSON & MESSER LLP
5901 West Century Boulevard. Suite #1200
Los Angeles. California 90045
(310) 242-2200
kaminskid@cmtlaw.com